# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| CYNTHIA ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:18-cv-455 |
| | ) |
| VIRGINIA HOUSING | ) |
| DEVELOPMENT AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
### (Granting Motion to Proceed *In Forma Pauperis*; Dismissing Complaint)

This matter is before the Court on Cynthia Armstrong's ("Plaintiff") Motion to Proceed *In Forma Pauperis*, filed on July 2, 2018. (ECF No. 1.) Upon due consideration, the Court concludes that Plaintiff is unable to pay the required fees. Therefore, Plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED, and the Clerk is DIRECTED to file Plaintiff's Complaint (ECF No. 1-1). For the reasons set forth herein, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over her claims. Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and Federal Rule of Civil Procedure 12(h)(3).

## I. BACKGROUND

Plaintiff purchased a house at 5140 Old Warwick Road, Richmond, Virginia 23224 from Robert Snead ("Snead") in October 2013. (Compl. 1, ECF No. 1-1.) She alleges that the Virginia Housing Development Authority ("VHDA" or "Defendant") "engaged in an inflation of the property's appraisal and its contents, in order to obtain a

mortgage for more than a property is worth" and worked with Snead to hide "structural inadequacies" with the house. (*Id.*)

Plaintiff provides extensive allegations about the issues she has endured with the house and the role Snead has played with them. Specifically, she cites plumbing, heating, air conditioning, electrical, and structural problems with the house. (*Id.* at 2–4.) For each of these issues, Plaintiff either contends that Snead caused the problem, failed to take steps to remedy it, or some combination thereof. (*Id.*) As a result, Plaintiff claims that she has spent thousands of dollars on repairs. (*Id.* at 4.) Plaintiff also claims that the VHDA has confiscated repair checks sent from the insurance company and refused to allow any repair work to be done. (*Id.*)

Based upon the foregoing, Plaintiff seeks $167,000 from the VHDA "for the price of the home, inflated taxes, and insurance paid due to the misrepresented value of [her] home that has deemed [her] mortgage null and void." (*Id.*)

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377 (1994). They possess only such power as is authorized by the Constitution or conferred by statute. *Id.* "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Accordingly, the Court may "or, more precisely, must" raise issues of subject-matter jurisdiction sua sponte if it appears at any time during the

proceedings that the court's exercise of jurisdiction would be improper. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *Bender v. Williamsport Area Sh. Dist.*, 475 U.S. 534, 541 (1986); Fed. R. Civ. P. 12(h)(3). Plaintiffs have the burden of proving subject-matter jurisdiction. *Piney Run Pres. Ass'n v. County Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008). A court determining whether jurisdiction exists "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

In addition, the Court acknowledges the liberal construction afforded to pro se complaints. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

The principal means through which a federal district court obtains subject-matter jurisdiction are 28 U.S.C. § 1331 and 28 U.S.C. § 1332: federal-question and diversity jurisdiction, respectively.

Under federal-question jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule requires that federal-question jurisdiction be evident from the face of a plaintiff's properly pleaded complaint. *See id.* Dismissal for want of jurisdiction is only appropriate where the allegations supporting jurisdiction are "wholly unsubstantial or frivolous." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

Under diversity jurisdiction, a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "With the exception of certain class actions, § 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2012) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### III. DISCUSSION

At the outset, the Court notes that it is difficult to discern from Plaintiff's Complaint precisely what cause of action she is asserting. Plaintiff claims that the basis of her suit is mortgage fraud, and it appears that her claims stem from Defendant's relationship with Snead and Snead's negligent construction of Plaintiff's home. The

Complaint also does not identify whether jurisdiction is predicated on the presence of a federal question or on diversity of the parties. Under either jurisdictional theory, the allegations in the Complaint are insufficient.

No basis for federal-question jurisdiction is revealed by the facts alleged in the Complaint. Plaintiff alleges mortgage fraud as the basis of her suit but fails to identify any federal law that affords her a civil cause of action. The Court lacks the authority to construct Plaintiff's arguments for her. Thus, Plaintiff has failed to establish federal-question jurisdiction. Similarly, Plaintiff provides insufficient factual allegations to support diversity jurisdiction under 28 U.S.C. § 1332. While Plaintiff does not state the parties' citizenship explicitly, both Plaintiff and Defendant appear to be citizens of the Commonwealth of Virginia. Therefore, jurisdiction is not appropriate under a diversity of citizenship theory.

### IV. CONCLUSION

For the reasons identified above, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Because the Court does not have subject-matter jurisdiction over this action, Plaintiff's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE and this case is CLOSED.

Plaintiff is free to amplify the factual allegations and to clarify the jurisdictional basis on which her claims rest and refile them in a separate action.

Should Plaintiff wish to appeal, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right of appeal.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: July 25, 2018
Richmond, Virginia